UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONLYNN S. MONTGOMERY,<br>Plaintiff,<br>v.<br>SHAUNTEEKA MONTOMERY, et al.,<br>Defendants. | No. 2:26-cv-2391 TLN CSK P<br>ORDER |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III. PLAINTIFF'S COMPLAINT

Plaintiff generally cites violation of his Eighth and Fourteenth Amendment rights, the Employee Retirement Income Security Act of 1974 ("ERISA"), the U.S. Military, the Americans with Disabilities Act ("ADA"), and the 1957 Discovery Act. (ECF No. 1 at 3.) But the gravamen of plaintiff's claims arise from his dissatisfaction with the manner in which his father's probate was handled. Plaintiff's father died August 20, 2020, and plaintiff alleges that his sister and mother deprived plaintiff of the inheritance due from his dad's estate.

As defendants, plaintiff names his sister, Shaunteeka Montgomery, his mother, Kathryn

Nunley Davis, and the "Superior Court of California Family Law Probate rules, policy and procedures" (named twice). (ECF No. 1 at 1.) As relief, plaintiff asks this Court to remove defendant Nunley Davis from the probate proceedings, to arrest defendant Shaunteeka Montgomery for federal mail fraud, forgery, impersonating another person, defrauding the federal government and to remove her from their father's probate proceedings, and to drop the conservatorship proceedings against plaintiff. (ECF No. 1 at 6.)

IV. DISCUSSION

A. Plaintiff Named Improper Defendants

Plaintiff's complaint fails to state a claim under § 1983 against the two individual defendants because plaintiff's mother, Kathryn Nunley Davis, and his sister, Shaunteeka Montgomery, are private individuals who do not act under color of state law. Because § 1983 does not reach private conduct, private parties are generally not considered to be acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991) ("private parties are not generally acting under color of state law, and [the Ninth Circuit has] stated that conclusionary allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." (internal quotation marks and citation omitted)).

Also, the "Superior Court of California Family Law Probate rules, policy and procedures" is not a proper defendant. To the extent plaintiff intended to simply name the Superior Court of California as a defendant, claims against that court are barred by the Eleventh Amendment and also fail under the Rooker-Feldman Doctrine, as discussed next.

B. Plaintiff's Putative Claims Against State Court Are Barred

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, to the extent plaintiff sought to sue the Sacramento County Superior Court, such claims are frivolous and must be dismissed.

/ / /

C. Plaintiff's Putative Claims Against State Court Also Fail Under Rooker-Feldman

Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).

A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). Or the plaintiff may complain of harm caused by a state court judgment that directly withholds a benefit from the plaintiff, based on an allegedly erroneous ruling by the court. Id. "Once a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158.

Here, to the extent plaintiff asks this Court to review the Sacramento County Superior Court's decisions in his father's probate proceedings, this Court has no jurisdiction. See Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (the Rooker-Feldman doctrine "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments"). Plaintiff must challenge such decisions in the probate proceedings or file an appeal to a higher state court in California. Plaintiff's request that this Court order the probate court to produce to plaintiff certain documents related to his father's probate proceedings also fails under the Rooker-Feldman doctrine.

Similarly, this Court has no subject matter jurisdiction to terminate a pending state court conservatorship. See Miroth v. Cnty. of Trinity, 136 F.4th 1141, 1151 (9th Cir. 2025) (the Rooker-Feldman doctrine bars federal jurisdiction "where the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment"); see also Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir.

2001) (clarifying that Rooker-Feldman applies both to cases that have reached final judgment and to interlocutory orders).

D. Plaintiff's Putative Fraud Claims

Plaintiff also claims he is having a "major issue of fraud in [his] name," and that the fraudulent filing of multiple federal government claims were "made on his inherited benefits." (ECF No. 1 at 3, 6.)

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P 9(b). "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis. " Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

Here, plaintiff's allegations of fraud are too vague and conclusory for this Court to determine whether plaintiff can state a cognizable fraud claim against a culpable party.

Plaintiff also asks this Court to arrest his sister for various federal crimes. However, the U.S. Department of Justice investigates and prosecutes private individuals for federal offenses such as mail fraud (18 U.S.C. § 1341) or making false statements (18 U.S.C. § 1001), not the

court. If the Department of Justice decides to prosecute by filing charges or asking a grand jury to return an indictment, federal law enforcement officers execute arrest warrants signed by a magistrate judge or district judge. Thus, a federal civil rights action is not the appropriate mechanism for plaintiff to seek investigation or arrest for federal criminal charges against his sister.

E. Plaintiff's Prior Civil Rights Action

Finally, plaintiff references his prior civil rights case (ECF No. 1 at 3). Montgomery v. Government, No. 2:21-cv-1826 KJM DMC (E.D. Cal.).[1] In that case, the court noted that plaintiff "was assigned two probate referees to assist him" in his father's probate proceedings and therefore found that plaintiff's due process rights were not violated in connection therewith. No. 21-cv-1826 KJM DMC (ECF No. 21 at 4). As in plaintiff's prior case, plaintiff alleges no facts in this case demonstrating that his Fourteenth Amendment due process rights were violated.

F. Conclusion

Based on the above deficiencies, plaintiff's complaint must be dismissed. In an abundance of caution, plaintiff will be granted leave to file an amended complaint.

V. LEAVE TO AMEND

Because plaintiff is proceeding pro se, and this is the first decision rendered in this case, the Court will grant plaintiff leave to file an amended complaint should he be able to allege facts stating a cognizable civil rights claim against a proper party. Plaintiff is cautioned, however, that the Court may dismiss the amended complaint if plaintiff again fails to plausibly allege a viable claim against defendants acting under color of state law.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI. PLAINTIFF'S SUBSEQUENT MOTIONS

### A. Motions for Summary Judgment

Plaintiff subsequently filed two motions for summary judgment. (ECF Nos. 10, 12.)

Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56. Here, plaintiff's motions were filed before the Court screened his complaint to determine whether plaintiff stated cognizable civil rights claims. As discussed above, plaintiff's complaint must be dismissed. Therefore, plaintiff's motions are premature and must be vacated.

### B. Motion for Extension

Plaintiff seeks an extension of time to file a writ of certiorari in the United States Supreme Court. (ECF No. 11.) Plaintiff is advised that this Court does not have jurisdiction to grant such an extension of time. Plaintiff must file his motion in the United States Supreme Court. Plaintiff's motion for extension of time is denied without prejudice.

/ / /

VII. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 8) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County or designee filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motions for summary judgment (ECF Nos. 10, 12) are vacated.

6. Plaintiff's motion for extension of time (ECF No. 11) is denied without prejudice.

Dated: November 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/mont2391.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONLYNN S. MONTGOMERY,<br>Plaintiff,<br>v.<br>SHAUNTEEKA MONTOMERY, et al.,<br>Defendants. | No. 2:26-cv-2391 TLN CSK P<br><br><u>NOTICE OF AMENDMENT</u> |

Plaintiff submits the following document in compliance with the court's order filed on _______________ (date).

☐ Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

___________________________________
Plaintiff